ORIGINAL

01 FEB 26 P 3: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD. a/k/a REALTREE OUTDOOR PRODUCTS, INC., and ADVANTAGE CAMOUFLAGE, <br><br> Plaintiff, <br><br> v. <br><br> WORLD WRESTLING FEDERATION ENTERTAINMENT, INC. d/b/a WORLD WRESTLING FEDERATION and TITAN SPORTS, INC.; THE ANDOVER APPAREL GROUP, INC. d/b/a ANDOVER TOGS, INC.; and DREW PEARSON MARKETING, INC. <br><br> Defendants. | Civil Action No.: <br><br> 4:01-cv-24-3 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Jordan Outdoor Enterprises Ltd., a/k/a Realtree Outdoor Products, Inc. and Advantage Camouflage ("JOEL"), for its complaint against Defendants World Wrestling Federation Entertainment, Inc. d/b/a World Wrestling Federation ("WWF") and Titan Sports, Inc. ("Titan"), Andover Apparel Group, Inc. d/b/a Andover Togs, Inc. ("Andover"), and Drew Pearson Marketing, Inc. ("Pearson") alleges as follows:

1.

This is an action for copyright infringement under the Federal Copyright Laws, Title 17 of the United States Code, and for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and under the common law of the state of Georgia.

AO 425140 1

(1)

2.

This Court has jurisdiction of the subject matter of this action and of the parties under 28 U.S.C. §§1331, 1338, and 1400, 15 U.S.C. §1121, and under the doctrine of pendent jurisdiction. This Court has personal jurisdiction over the Defendants on the basis of the Defendants doing business in the state of Georgia and/or pursuant to the provision of the Georgia Long Arm statute, O.C.G.A. §9-10-91, because the acts complained of herein occurred and are occurring in interstate commerce in the state of Georgia.

3.

Venue is proper in this district and division under 28 U.S.C. §§1391 and 1400.

4.

JOEL is a Georgia corporation having its principal place of business at 1390 Box Circle, Columbus, Georgia 31907.

5.

Defendant WWF is a Delaware corporation with a principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. Defendant WWF may be served with process upon its registered agent, Corporate Service Company, at 4845 Jimmy Carter Blvd., Norcross, Georgia 30093.

6.

Defendant Titan is a former Delaware corporation with a principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. Titan has merged with Defendant WWF.

7.

Defendant Andover is a Delaware corporation with a principal place of business at One Penn Plaza, New York, New York 10119. Andover may be served with process upon its registered agent, Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

8.

Defendant Pearson is a Minnesota corporation with a principal place of business at 1698 South 2nd Street, Hopkins, Minnesota 55343. Pearson may be served with process at this address

9.

JOEL is the successor by merger to Advantage Camouflage, Inc., a former Georgia corporation. The merger had an effective date of January 1, 1999.

10.

JOEL was formerly known as Realtree Outdoor Products, Inc. The name of the company was changed to Jordan Outdoor Enterprises, Ltd. as of April 1, 1999.

11.

Prior to March 8, 1994, JOEL, through its assignor, William R. Jordan, created an original fabric design entitled the "Advantage Camouflage®" pattern. The fabric pattern was registered with the United States Copyright Office under Certificate of Copyright Registration No. VA 626-154 on March 8, 1994. Copyright Registration No. VA 626-154 is attached hereto as Exhibit A. Attached hereto as Exhibit B is a color copy of the deposit materials of the work entitled the "Advantage Camouflage" pattern.

12.

On August 3, 1994, William R. Jordan assigned the copyright and the registration to Advantage Camouflage, Inc. Attached hereto as Exhibit C is an

assignment of the copyright and the registration from William R. Jordan to Advantage, Inc. (incorrect name). This assignment was recorded in the Copyright Office on August 26, 1994 at Vol. 3023, pages 150, 151. Attached hereto as Exhibit D is a correction of the name to Advantage Camouflage, Inc. This correction was recorded on February 21, 1995, at Vol. 3101, page 369.

13.

Since March 8, 1994, the date of JOEL's Copyright Registration No. VA 626-154, JOEL and its predecessors in interest have complied in all respects with Title 17 of the United States Code and all other laws governing copyright. JOEL has published the fabric design covered by such copyright and such registration by selling, publicly distributing, and licensing a fabric having the design known as the Advantage Camouflage pattern. This fabric is then finished into garments and other items by JOEL's licensees.

14.

JOEL is and has been the sole proprietor of all right, title, and interest in and to the copyright and registration of the Advantage Camouflage pattern.

15.

On information and belief, Defendant WWF promotes professional wrestling events throughout the country and in the state of Georgia. WWF wrestling events are televised nationally. WWF events are heavily advertised and promoted.

16.

On information and belief, WWF employs numerous wrestling "personalities" for its wrestling events. These wrestling personalities also are heavily advertised and promoted. One such wrestling personality is "Stone Cold Steve Austin".

AO 425140 1

Merchandise bearing the likeness and name of "Stone Cold Steve Austin" is widely advertised and promoted throughout the country.

17.

The persona of "Stone Cold Steve Austin" often includes wearing camouflage, including hats with a camouflage pattern thereon.

18.

Defendant WWF maintains a website at "www.wwf.com". The WWF sells, or has sold on its behalf, various types of merchandise relating to the WWF wrestling personalities in general and "Stone Cold Steve Austin" in particular. This merchandise includes an "Austin Deer Camouflage Hat". A copy of the "Austin Deer Camouflage Hat" is attached hereto as Exhibit E.

19.

The web page describes the hat as follows:

Front: In Fluorescent Orange letters "Stone Cold Steve Austin" with a Deer Head on a camouflage background. The exact replica of the one he wears on TV.

20.

The Austin Deer Camouflage Hat incorporates the Advantage Camouflage pattern or derivative thereon.

21.

On information and belief, Defendant Titan is the licensing arm of Defendant WWF.

22.

On information and belief, Defendant Titan licenses the name, likeness, and persona of the WWF wrestling personalities.

23.

On information and belief, Defendant Titan approves all merchandise bearing the name, likeness, and persona of the WWF wrestling personalities.

24.

On information and belief, Defendant Person has and is manufacturing and/or distributing hats pursuant to a license from Defendant Titan and/or Defendant WWF, including the Austin Deer Camouflage Hat. This hat is available for purchase within this state and this judicial district. On information and belief, Defendant Pearson also has and is manufacturing and/or distributing other hats with JOEL's Advantage Camouflage pattern or a derivative thereof outside of the licensee agreement with Defendant Titan and/or Defendant WWF. These hats are available for purchase within this state and this judicial district.

25.

On information and belief, Defendant Andover has and is manufacturing and/or distributing T-shirts pursuant to a license from Defendant Titan and/or Defendant WWF. Attached hereto as Exhibit F is an example of a T-shirt manufactured or distributed by Andover. The front of the T-shirt shows a combination of a photograph of "Stone Cold Steve Austin" and a skull. The picture is imposed upon JOEL's Advantage Camouflage pattern or a derivative thereof. Likewise, the back of the T-shirt has the script "3:16" superimposed upon JOEL's Advantage Camouflage pattern or a derivative thereof. This T-shirt is available for purchase within this state and this judicial district.

26.

The manufacture, distribution, or sale of T-shirts and other items by Defendant Pearson, Defendant Andover, and others has been done with the knowledge and consent of Defendants Titan and WWF.

27.

On May 6, 1999, JOEL requested that Defendant Titan cease all use of the JOEL Advantage Camouflage pattern and derivatives thereof. A copy of JOEL's May 6, 1999 letter is attached hereto as Exhibit G. Despite knowledge of JOEL's proprietary rights in and to its Advantage Camouflage pattern, Defendants have intentionally used, adopted, copied, and advertised the Advantage Camouflage pattern.

28.

JOEL has attempted to resolve these issues with Defendants WWF and Pearson since this time. Defendant Andover has ignored all efforts of communication.

29.

Defendants have no affiliation, association, or connection, past or present, with JOEL.

30.

JOEL has not licensed or authorized Defendants in any manner. JOEL has not consented, sponsored, approved, or certified the acts of Defendants.

COUNT I - COPYRIGHT INFRINGEMENT

31.

JOEL adopts and incorporates herewith the allegations contained in paragraphs 1-30 of the Complaint.

32.

By reproducing the Advantage Camouflage pattern on its T-shirts, hats, and other merchandise, Defendants have committed acts that violate JOEL's exclusive right to reproduce its copyrighted work pursuant to 17 U.S.C. §106(1). These acts constitute copyright infringement in violation of 17 U.S.C. §501.

33.

To the extent that the design displayed on Defendants' T-shirts, hats, and other merchandise is in any way different from the Advantage Camouflage pattern, the resultant work is a violation of JOEL's exclusive right to prepare derivative works pursuant to 17 U.S.C. §106(2). These acts constitute copyright infringement in violation of 17 U.S.C. §501.

34.

Defendants' distribution of T-shirts, hats, and other items with the Advantage Camouflage pattern thereon violates JOEL's exclusive right to distribute its copyrighted work pursuant to 17 U.S.C. §106(3). These acts constitute copyright infringement in violation of 17 U.S.C. §501.

35.

On information and belief, Defendants did the aforesaid infringement of JOEL's copyright with knowledge and in disregard of JOEL's rights therein.

36.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to damage irreparably JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

COUNT II - FEDERAL UNFAIR COMPETITION

37.

JOEL repeats and incorporates by reference all the allegations set forth in paragraphs 1-31 above.

38.

Defendants' aforesaid acts tend to represent falsely that Defendants are affiliated, connected, or associated with JOEL, or the reverse, and tend to describe falsely

AO 425140.1

that Defendants' goods or services emanate from or are sponsored or approved by JOEL, or the reverse; all which constitute violations of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to damage irreparably JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

COUNT III - COMMON LAW UNFAIR COMPETITION

40.

JOEL repeats and incorporates by reference all the allegations set forth in paragraphs 1-30 above.

41.

The aforesaid acts of Defendants constitute unfair competition in violation of the common law in the state of Georgia in that:

(a) said acts enable Defendants to obtain the benefit of, and trade on, the good will of JOEL;

(b) said acts damage JOEL's good will in that JOEL has no control over the business of Defendants;

(c) said acts are likely to cause confusion, mistake, or deception; and

(d) said acts will result in the unjust enrichment of Defendants.

42.

Defendants' aforesaid acts have irreparably damaged JOEL and will continue to damage irreparably JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

WHEREFORE, JOEL prays that:

a. Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with them, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

1. infringing JOEL's copyrights;

2. copying or otherwise reproducing in whole or in part JOEL's copyrighted designs or derivatives thereof;

3. manufacturing T-shirts, hats, or other items with the Advantage Camouflage pattern or derivatives thereof;

4. marketing T-shirts, hats, or other items with the Advantage Camouflage pattern or derivatives thereof;

5. selling T-shirts, hats, or other items with the Advantage Camouflage pattern or derivatives thereof;

6. using, in the advertising and promotion of Defendants' goods or services, JOEL's Advantage Camouflage pattern or derivatives thereof;

7. any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendants or Defendants' goods and services with JOEL or JOEL's goods and services; and

8. competing unfairly with JOEL in any manner.

AO 425140.1

b.  That Defendants deliver up during the pendency of this action and for destruction upon entry of Judgment:

   1.  Defendants' T-shirts, hats, or other items with the Advantage Camouflage pattern or derivatives thereof;

   2.  any and all substantially similar materials manufactured, distributed, marketed, or sold by or on behalf of Defendants; and

   3.  any and all copies of materials used by Defendants to advertise, promote, or solicit sales for Defendants T-shirts, hats, or other items bearing the Advantage Camouflage pattern or derivatives thereof.

c.  That Defendants be ordered to pay JOEL all profits realized by Defendants by reason of their unlawful access set forth herein.

d.  That Defendants be ordered to pay JOEL all damages suffered, including statutory or actual damages at JOEL's election and in accordance with 17 U.S.C. §504(c), by reason of Defendants acts of copyright infringement set forth herein.

e.  That Defendants be ordered to pay JOEL three (3) times the damages suffered by JOEL by reason of Defendants' willful, unlawful actions as set forth herein.

f.  That Defendants be ordered to pay JOEL punitive damages as provided by law.

g.  That Defendants be ordered to pay JOEL the cost of this action and reasonable attorney's fees.

h.  That Defendants be ordered to pay JOEL prejudgment interest.

AO 425140.1

i. That JOEL has such other and further relief as this Court may deem just and proper.

This 23rd day of February, 2001.

**SUTHERLAND ASBILL & BRENNAN LLP**

_____
Daniel J. Warren
Georgia Bar No. 738,240

999 Peachtree Street, N.E.
Atlanta, GA  30309-3996
(404) 853-8028
Fax: (404) 853-8806

AO 425140 1